UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M. BEVERLY HUNTER

    Plaintiff,

v.

BOARD OF REAL PROPERTY TAX
ASSESSMENT AND APPEALS, et al.,

    Defendants.

Civil Action 09-01509 (HHK)

MEMORANDUM OPINION

M. Beverly Hunter, proceeding *pro se*, brings this action against the District of Columbia's Board of Real Property Tax Assessment and Appeals, the District of Columbia's City Council, and the District of Columbia (collectively, "District of Columbia," or "District"). Hunter recites many grievances, some against entities and persons not a party to this suit, and asks this Court to address them. Hunter's primary claim, however, is that the District's tax assessments of her properties are incorrect and that her "civil liberties [and] human rights" have been violated. Compl. ¶ 1 She requests damages and an order requiring the District to reduce her taxes. Before the Court is the District's motion to dismiss [#4], in which the District argues that the Court lacks subject matter jurisdiction over Hunter's claims. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

I.

Hunter, a District of Columbia resident, alleges that the District violated her "civil liberties[,] human rights . . . [and her] freedom to own real property" in refusing to lower her

"property taxes by one-half," Compl. ¶ 1, and that it "false[ly]-assessed" her tax liability for her properties, *id.* ¶ 12.[1]  She contends that the District committed "injury causing torts to [her] mind and thoughts" in increasing its valuations.  *Id.*

Hunter requests that the Court enjoin the District from "raising [her] real property taxes forever with a cap" and order that her real property taxes and those of a fellow resident be lowered by "one-half of the amount for the past five years."  *Id.* ¶ 11.[2]  Her complaint includes both a request for $95,000 and a request for "over fifty thousand dollar[s]" in damages for the harm she suffered from the District's alleged violations of her rights.  *Id.* ¶ 12.

## II.

The District argues that this Court lacks subject matter jurisdiction over Hunter's complaint because the District of Columbia courts have exclusive jurisdiction over challenges to District of Columbia tax assessments.[3]  The Court ordered Hunter to respond to the District's

---

[1] Exhibits attached to Hunter's complaint appear to show that Hunter appealed the District's assessment of $478,440 in 2009 for her property at square 2906, lot 26, Compl., Ex. 4, at 1, and its assessment of $745,880 in 2010 for her property at square 0305, lot 37, *id.*, Ex. 5, at 1.  Hunter's request for relief references an additional property at square 3345, lot 24.  *See* Compl. ¶ 12.

[2] Hunter additionally requests that the Court issue numerous orders relating to the District's governance, construction projects, investigations, and employee compensation system, including, *inter alia*, investigations of "hot dog meat contents . . . AID[S] testing contents; gay marriage," and student loans.  Compl. ¶¶ 8-10.

[3] Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007); *see also Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010)(noting that "even a *pro se* plaintiff bears the burden") (internal quotation marks omitted).  A court may consider material beyond the allegations in the plaintiff's

2

motion. *See* April 19, 2010 Order Directing Plaintiff to Respond to Def.'s Mot. to Dismiss [#5]. Hunter has not filed a substantive response to the District's motion or to its contention that the Court lacks subject matter jurisdiction over her claims. In her complaint, however, Hunter generally alleges that the Court has jurisdiction "to order the District Government . . . to comply" with her requests. Compl. ¶ 1.

Under the laws of the District of Columbia, the "jurisdiction of the Tax Division of the [District of Columbia] Superior Court to review the validity and amount of all assessments of tax made by the District of Columbia is exclusive." D.C. Code § 11-1202. The D.C. Circuit has explained that "Congress unambiguously intended to vest in the District of Columbia courts exclusive jurisdiction over all challenges to District of Columbia taxes including those involving federal statutory or constitutional claims." *Jenkins v. Washington Convention Ctr.*, 236 F.3d 6, 11 (D.C. Cir. 2001). *See also Fernebok v. Dist. of Columbia*, 534 F. Supp. 2d 25, 29 (D.D.C. 2008), *aff'd*, 2008 U.S. App. LEXIS 13611 (D.C. Cir. 2008) (noting that disputes of District of Columbia tax assessments "are by statute not within federal jurisdiction"). The District of Columbia courts have exclusive jurisdiction over Hunter's request to modify her tax assessments and her related demand for damages. The Court therefore dismisses the claims pertaining to Hunter's tax assessments for lack of jurisdiction.[4]

---

complaint when determining whether it has subject matter jurisdiction pursuant to Rule 12(b)(1). *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). Because Hunter proceeds *pro se*, her complaint is "to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[4] Hunter's complaint also includes multiple allegations of misconduct that the District's motion does not address, including, *inter alia*, that the District failed to refund her for an overpayment made in 1997, unfairly charged her for tree removal, and created unsafe

3

**III.**

For the foregoing reasons, the Court concludes that the District's motion to dismiss [#4] shall be granted. All other pending motions are denied as moot. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

---

construction conditions around her home. Compl. ¶¶ 2-4. None of these allegations set forth a federal cause of action. It is also unclear what District-law based claims Hunter attempts to assert. Even if the Court were to assume that Hunter asserts valid claims under the laws of the District of Columbia, however, the Court cannot exercise supplemental jurisdiction over them because Hunter's tax assessment claims must be dismissed for lack of subject matter jurisdiction. *See Decatur Liquors, Inc. v. Dist. of Columbia*, 478 F.3d 360, 362 (D.C. Cir. 2007) (holding that if "a federal court lacks subject-matter jurisdiction over those claims" for which jurisdiction is alleged, it lacks supplemental jurisdiction over "any local law claims"); *Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 351 (D.C. Cir. 1997) (holding that if a district court "dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction").